IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
AT ASHEVILLE

| | |
|---|---|
| THE ESTATE OF JAI LATEEF SOLVEIG WILLIAMS<br>  Plaintiff, | )<br>)<br>) |
| v. | ) No. _____<br>) JURY DEMAND |
| SERGEANT KELLY TYLER RADFORD,<br>TAMMY HOOPER, IN HER OFFICIAL CAPACITY<br>AS THE POLICE CHIEF FOR THE CITY OF ASHEVILLE<br>NORTH CAROLINA and<br>CITY OF ASHEVILLE NORTH CAROLINA<br>  Defendants. | )<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

**NOW COMES** the Plaintiff and for cause of action would state as follows:

### I. INTRODUCTION

This action arises under federal law, specifically, 42 U.S.C. §§1983; under North Carolina General Statutes § 28A-18-1 et seq. (wrongful death and survivorship).

While the individual Defendant was acting in the scope of his employment and under color of state law, he used excessive force causing the death of Jai Lateef Solveig Williams.

Action is also brought pursuant to N. C. Gen. Stat. §58-76-5 against the City of Asheville and The Asheville Police Department for their failure to properly train and supervise Kelly Tyler Radford in the proper use of force and techniques, and for its establishment of policies, procedures, practices, and customs regarding arrests by use of excessive use of force.

1

## II. JURISDICTION AND VENUE

1. This court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§1331, 1332, 1343, and 1367, and venue is properly set in the United States District Court for the Western District of North Carolina pursuant to 28 U.S.C. §1391.

2. The causes of action alleged herein arise from factual allegations occurring in this judicial district.

3. On information and belief, it is alleged that each of the named Defendants reside in this judicial district

4. The amount in controversy is in excess of $75,000.00.

## III. PARTIES

### A. Plaintiffs

6. The Plaintiff, Najiyyah Avery, is bringing this action in her capacity as the duly-appointed administratrix of the Estate of Jai Lateef Solveig Williams. Jai Lateef Solveig Williams died on July 2, 2016 in Buncombe County, North Carolina.

### B. Asheville Defendants

7. The Defendant, KELLY TYLER RADFORD, is a citizen and resident of North Carolina, and was at all times material to the allegations in this Complaint, acting in his capacity as a Police Officer employed by the City of Asheville, North Carolina and was acting under color of state law.

8. The Defendant, TAMMY HOOPER, is a citizen and resident of Asheville, North Carolina and was at all times material to the allegations in this Complaint, employed as the Chief of Police by the Asheville Police Department in Buncombe County, North Carolina, and is

2

responsible for the supervision and training of the Defendant, Kelly Tyler Radford, as the Chief of the Asheville Police Department, and is further responsible for making and/or implementing policies and practices used by law enforcement officers employed by the City of Asheville, North Carolina and the Asheville Police Department.

9. The Defendant, CITY OF ASHEVILLE, is a political subdivision of the State of North Carolina, for which Defendant, Kelly Tyler Radford, serves as police officer, and Tammy Hooper serves as Chief of Police. The City of Asheville is the political subdivision of the State of North Carolina responsible for the training and supervision of Defendant, Kelly Tyler Radford. City of Asheville has established or delegated to Defendant, Tammy Hooper, the responsibility for establishing and implementing policies, practices, procedures, and customs used by law enforcement officers employed by City of Asheville and the Asheville Police Department.

## IV. FACTS

10. On July 2, 2016 at approximately 7:01pm EDT, the victim, Jai Lateef Solveig Williams was shot multiple times by Asheville North Carolina Police Sergeant Kelly Tyler Radford in the City of Asheville, North Carolina.

11. On or about July 2, 2016, Jai Lateef Solveig Williams suffered significant trauma to his body, including the loss of a hand due to sustaining multiple gunshot wounds to his body.

12. On July 2, 2016, Jai Lateef Solveig Williams was declared dead at 7:12 p.m.

13. Upon information and belief, Asheville's Police Department's Professional Standards Division conducted an administrative investigation to determine if its policies and

3

procedures were followed concerning the shooting involving Sergeant Kelly Tyler Radford and Jai Lateef Solveig Williams.

14. Upon information and belief, witness(es) indicated Jai Lateef Solveig Williams was engaged in a verbal and physical altercation with a female but he stopped, faced the police officer and put his hands in the air. According to the witness(es), Jai Lateef Solvieg Williams surrendered, but he was still shot at least six times.

15. On or about July 5, 2016, defendant, Kelly Tyler Radford stated he could not remember the number of times he fired his weapon or remember Jai Lateef Solveig Williams falling to the ground.

16. Upon information and belief, a less extreme measures could have and should been implemented in attempts to take Jai Lateef Solveig into custody. However, upon information and belief, a Colt M4 Carbine, caliber 5.56 rifle was used during the encounter with Jai Lateef Solveig Williams instead of a department issued pistol during the encounter with Jai Lateef Solveig, which ultimately caused significant trauma to the body of Jai Lateef Solveig Williams and ultimately caused his death.

17. On November 4, 2016, The Office of the Chief Medical Examiner for the City of Asheville concluded the cause of death for Jai Lateef Solveig was "multiple gunshot wounds of the head, chest, abdomen and extremities," from the Colt M4 Carbine rifle.

18. Defendant Kelly Tyler Radford used excessive force during the encounter with Jai Lateef Solveig Williams when he failed to observe that Jai Lateef Solveig Williams was surrendering and instead shot him at least six to eight times with a Colt M4 Carbine, caliber 5.56

4

rifle, while at the same time failing to be cognizant of his actions and department policies and procedures in discharging his weapon.

19. Defendant, Kelly Tyler Radford did not have adequate training regarding the use of reasonable force and/or failed to adhere to polices and procedures implemented by the Asheville Police department.

20. Defendants, Asheville Police Department and Tammy Hooper failed to properly train Sergeant Kelly Tyler Radford and implement policies and procedures regarding the use of reasonable force and non-use of excessive force when interacting with the public during a confrontational encounter.

21. As a direct and proximate result of the acts of Defendant(s), excessive force was used during the encounter between Sergeant Kelly Tyler Radford and Jai Lateef Solveig Williams, with said force causing the death of Jai Lateef Solveig Williams.

## V. CAUSES OF ACTION

### COUNT I

### Violation of Civil Rights Pursuant to Title 42 U.S.C. §1983
### (General Allegations)

22. Plaintiffs reallege and incorporate herein by reference the allegations set forth in paragraphs 1-21 of this Complaint.

23. As a direct and proximate result of the violation of Jai Lateef Solveig Williams constitutional rights and the use of excessive force by the Defendants, Jai Lateef Solveig Williams was killed on July 2, 2016 and therefore suffered general damages as alleged in this Complaint and is entitled to relief under 42 U.S.C §1983.

5

## COUNT II
### Violation of Civil Rights Pursuant to Title 42 U.S.C. §1983
### (Failure to Implement Appropriate Policies, Customs and Practices)

24. Plaintiffs reallege and incorporate herein by reference the allegations set forth in paragraphs 1-22 of this Complaint.

25. Defendant Tammy Hooper, in her capacity as Chief of Police of the Asheville Police Department in Buncombe County, North Carolina, and the Defendant, City of Asheville, implicitly or explicitly adopted and implemented a policy, custom, or practice of allowing employees of the Asheville Police Department to confront the general public in confrontational encounters with the use of excessive force where less severe alternatives existed.

26. The failure of the Chief of Police, Tammy Hooper, and the City of Asheville to adequately train and supervise the Defendant Sergeant Kelly Tyler Radford resulted in an encounter between Sergeant Kelly Tyler Radford and Jai Lateef Solveig Williams that concluded with the death of Jai Lateef Solveig Williams..

27. As a result, Jai Lateef Solveig Williams suffered personal injuries and loss of life and is therefore entitled to relief under 42 U.S.C. §1983.

## COUNT III
### Violation of Civil Rights Pursuant to Title 42 U.S.C. §1983
### (Use of Excessive Force)

28. Plaintiffs reallege and incorporate herein by reference the allegations set forth in paragraphs 1-23 of this Complaint.

29. The Defendant, City of Asheville, North Carolina, has adopted policies, procedures, practices or customs within the Asheville Police Department that allow, among other

things, the use of excessive force when other more reasonable and less drastic methods are available during confrontational interactions with the public.

30. As a result of the deliberate indifference to the Jai Lateef Solveig Williams' rights by the City of Asheville, North Carolina and its agents, servants and employees, Jai Lateef Solveig Williams is entitled to relief under 42 U.S.C. §1983.

## COUNT IV
### North Carolina Negligence
### N. C. Gen. Stat. §28A-18-1 et seq.
### (Wrongful death and survivorship)

31. Plaintiffs reallege and incorporate herein by reference the allegations set forth in paragraphs 1-24 of this Complaint.

32. Each Defendant owed Plaintiff a duty to use due care at or about the times of the aforementioned incident.

33. In committing the aforementioned acts and/or omissions, each Defendant negligently breached said duty to use due care, which directly and proximately resulted in the injuries and damages to the Plaintiffs as alleged herein.

## COUNT V
### N. C. Gen. Stat. §58-76-5 et seq.
### Violation of Duties Under Official Bond

34. Plaintiffs reallege and incorporate herein by reference the allegations set forth in paragraphs 1-25 of this Complaint.

35. N. C. Gen. Stat. §58-76-5 provides:

> Every person injured by the neglect, misconduct or misbehavior in office of any
>
> ....., or other officer may institute a suit or suits against said officer or any of them
>
> and their sureties upon their respective bonds for the due performance of heir duties In office...and every such officer and the sureties on the officer's official bond shall be liable to the person injured for all acts done by said officer by virtue or under color of that officer's office.

36. Defendant Kelly Tyler Radford used excessive force during the encounter with Jai Lateef Solveig Williams and he failed to be cognizant of his actions and department policies and procedures.

**PRAYERS FOR RELIEF**

**WHEREFORE**, the above premises considered, Plaintiffs demand:

1. That process issue to the Defendants and that they be required to answer in the time allowed by law.

2. That judgment be rendered in favor of the Plaintiffs and against the Defendants on all causes of action asserted herein.

3. That Plaintiffs be awarded those damages to which it may appear they are entitled by the proof submitted in this cause.

4. That Plaintiffs be awarded reasonable expenses incurred in this litigation, including reasonable attorney and expert fees, pursuant to 42 U.S.C. §1983 et seq.

5. That the Plaintiffs receive any other further and general relief to which it may appear they are entitled.

7. A jury for the trial of this matter.

/s/David Capasso
650 Poydras Street, Suite 2525
New Orleans, La. 70130
Phone: (504) 229-5700
Fax: 504-617-7911

s/George D. Pappas
_____
George D. Pappas ESQ
George D. Pappas ESQ PC
129 Bleachery Blvd.
Suite B-138
Asheville, NC 28805
NC Bar # 30659
Tel. (828) 394-2242
Fax (828) 471-8999