# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:18-cv-00182-MR-WCM

| | |
|---|---|
| THE ESTATE OF JAI LATEEF SOLVEIG WILLIAMS, ) ) ) Plaintiff, ) ) vs. ) ) ) SERGEANT KELLY TYLER ) RADFORD, et al., ) ) Defendants. ) _____ ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Defendants' Motion for Relief from Order Granting Plaintiff's Amended Motion for Admission *Pro Hac Vice* [Doc. 10] and the Plaintiff's Attorney Motion to Withdraw [Doc. 12]. The Court held a hearing on these motions on November 16, 2018.

## I.  PROCEDURAL BACKGROUND

The Plaintiff filed the original Complaint in this matter on July 2, 2018. [Doc. 1]. On that same day, attorney David A. Capasso, along with local counsel George Pappas (collectively, "Plaintiff's counsel"), submitted to the Court a motion for the admission *pro hac vice* of attorney Capasso. [Doc. 2]. An Amended *Pro Hac Vice* Motion was later filed on July 9, 2018. [Doc. 4].

In his motion for admission *pro hac vice*, both as originally filed and as amended, Capasso certified that he "has never been the subject of any formal suspension or disbarment proceedings" and "has never received public discipline by any court or lawyer regulatory organization." [Doc. 4 at 2]. The Court granted counsel's motion on July 9, 2018. [Doc. 5].

At the time that the Court granted Capasso's *pro hac vice* motion, the Defendants had not been served with a Complaint or Summons, and had not otherwise appeared in this case. On July 16, 2018, and prior to serving the Defendants with the original Complaint, the Plaintiff filed with the Court an Amended Complaint. [Doc. 6]. On August 27, 2018, the Plaintiff served Defendants with Summonses and copies of the Plaintiff's Complaint and Amended Complaint.

The Defendants filed the present motion on October 16, 2018, seeking reconsideration of the Order allowing the admission of Capasso *pro hac vice*. [Doc. 10]. For grounds, the Defendants cite to an Order entered by the Supreme Court of Louisiana on June 20, 2014, which ordered that Capasso "be suspended from the practice of law for a period of eighteen months" based upon Capasso's own stipulation that he had "neglected a legal matter, failed to promptly refund an unearned fee, and mishandled his client trust account." [Doc. 10-2]. The Order provides that the suspension was to be

2

deferred pending Capasso's completion of a two-year probationary period. [Id.].

The Defendants contend that Capasso made a material misrepresentation to the Court in his request to be admitted *pro hac vice* and, as such, should not be permitted to appear *pro hac vice* in this matter. [Doc. 10]. Capasso has filed a Response in opposition to the Defendants' Motion. In his Response, Capasso denies that he made any intentional misrepresentations in his *pro hac vice* application, and he argues that his admission to this Court should not be revoked based on his failure to disclose this prior disciplinary action. [Doc. 13 at 10].

In light of the circumstances, attorney George Pappas moves to withdraw as local counsel in this action. [Doc. 12].

As noted above, the Court held a hearing on these motions on November 16, 2018, at which both Pappas and Capasso appeared, along with the Defendants' counsel. Having been fully briefed and argued, these matters are ripe for disposition.

## II. DISCUSSION

Under the Local Rules, the admission of an attorney *pro hac vice* is matter within the discretion of the Court. LCvR 83.1(c)(1). The Court may revoke an admission *pro hac vice* "at any time." LCvR 83.2(c). Grounds for

revocation include violations of the North Carolina Rules of Professional Conduct or any law or regulation, fraud, misrepresentation, lack of candor with the Court or other misconduct.  See generally LCvR 83.2; see also Fed. R. Civ. P. 60(b).

The form that this Court requires to be used in seeking admission *pro hac vice* requires the applicant to certify that he or she "has never been the subject of any formal suspension or disbarment proceedings; never been denied admission *pro hac vice* in this or any other jurisdiction or had *pro hac vice* admission revoked; never had any certificate or privilege to appear and practice before any judicial or administrative body suspended or revoked; and has never received public discipline by any court or lawyer regulatory organization."  Capasso so certified in his application.  Capasso's certification contains two material misrepresentations, as evidenced by the June 20, 2014 Order of the Supreme Court of Louisiana subjecting him to an 18-month suspension from the practice of law. While that suspension was deferred pending Capasso's completion of a two-year probationary period, the Louisiana Supreme Court's Order nevertheless makes clear that Capasso has, in fact, been the subject of formal suspension or disbarment

proceedings, and that he has received public discipline by a court, all in direct contradiction to the certification he made in his *pro hac vice* motion.[1]

The Court notes that prior disciplinary proceedings do not automatically disqualify an attorney from seeking *pro hac vice* admission. Rather, it requires that attorney to submit a separate explanation disclosing the nature of that disciplinary history so that the Court can make an informed determination about the fitness of the applicant for admission to the Court. By failing to disclose his disciplinary history, Capasso completely undermined this process.

Capasso argued to the Court that he felt he had made a sufficient showing of his fitness to appear *pro hac vice* by presenting his certificate of good standing as a member of the Louisiana Bar. Item 4 of the required *pro hac vice* form for this district, however, clearly asks for information regarding the attorney's disciplinary history in addition to the attorney's showing of current good standing. This Court cannot countenance an applicant attorney simply seeking to re-write the standard of this Court for *pro hac vice* admission by ignoring or eliminating some of the required disclosures.

---

[1] At the hearing, Capasso further disclosed that he has been held in contempt and jailed on no less than four occasions during his career due to being late for court hearings. Capasso's failure to disclose these disciplinary actions is further justification for revoking his *pro hac vice* admission in this matter.

Capasso also argued that he interpreted the Court's request for disciplinary information to be asking whether the applicant's license to practice law had ever been "interrupted." This argument is manifestly not credible. The fourth paragraph of this Court's *pro hac vice* application asks for four specific items of information from the applicant. *None* of them is so narrow as to only seek information regarding such an interruption in practice. The manner in which Capasso argued this matter before the Court further demonstrates a lack of candor and further supports the revocation of his *pro hac vice* privileges.

Capasso's misrepresentations regarding his disciplinary history constitutes a serious error and demonstrate a lack of candor and honesty with the Court. As such, the Court will revoke the admission of David A. Capasso as counsel *pro hac vice* in this matter.

So as not to leave the Plaintiff unrepresented in this matter, the Court will deny without prejudice local counsel's motion to withdraw. Further, the deadline for the filing of a certificate of initial attorneys' conference with the Court will be extended until January 11, 2019.

**IT IS, THEREFORE, ORDERED** that:

(1) Defendants' Motion for Relief from Order Granting Plaintiff's Amended Motion for Admission *Pro Hac Vice* [Doc. 10] is **GRANTED**, and

the admission of attorney David A. Capasso *pro hac vice* is hereby **REVOKED**;

(2)  The Motion to Withdraw [Doc. 12] filed by Plaintiff's local counsel is **DENIED WITHOUT PREJUDICE**; and

(3)  The parties shall have through and including **January 11, 2019**, to file a Certificate of Initial Attorneys' Conference with the Court.

**IT IS SO ORDERED.**

Signed: November 20, 2018

Martin Reidinger
United States District Judge